UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRITTANEY HANTON | : |
| | : No. |
| VS. | : |
| | : **JURY TRIAL DEMANDED** |
| ARIA HEALTH | |

CIVIL ACTION COMPLAINT

COMES NOW, Plaintiff, by counsel, and complains of defendant as follows:

JURISDICTION

1. This Court has jurisdiction over this matter pursuant to the 42 U.S.C. Section 2000(e) et seq. of the Civil Rights Act of 1964 as amended. This Complaint has been filed within 90 days after issuance of a Notice of Right to Sue by the EEOC.

PARTIES

2. Plaintiff, Brittaney Hanton, is a woman who resides at 386 East Upsal Street, Apt. B-2, Philadelphia, PA 19119.

3. Defendant, Aria Health, is a non-profit corporation registered in the Commonwealth of Pennsylvania with a place of business located at 10800 Knights Road, Philadelphia, PA 19114. Defendant employs hundreds of people.

4. Plaintiff was first hired by the defendant on April 9,

2012 as Certified Nursing Assistant (CNA) to work at defendant's Hospital located at 10800 Knights Road, Philadelphia, PA 19114 (known as the "Torresdale Campus").

5. Plaintiff always performed her job in an exceptional manner.

6. Plaintiff's supervisor was Cathy Gibbons (Assistant Nursing Supervisor).

7. Plaintiff first learned that she was pregnant on or about April 20, 2012.

8. Plaintiff considered terminating her pregnancy, so she did not disclose that she was pregnant right away.

9. In May 2012, plaintiff started to show and co-workers at the hospital began to ask her if she was pregnant and she told them that she was pregnant.

10. In late May 2012 or early June 2012, plaintiff handed Ms. Gibbons Paperwork requesting FMLA leave for her pregnancy and for her two year old son's serious medical condition.

11. Ms. Gibbons was notified that plaintiff was pregnant through this FMLA paperwork.

12. Plaintiff's request for FMLA leave was denied because she was ineligible due to the fact that she had been employed less than twelve months.

13. On June 29, 2012 (only about 9 days before her 90 day probationary period expired) plaintiff was terminated purportedly because one of her patients fell while she was doing paperwork.

14. According to defendant's policy, once plaintiff's probationary period expired, she would have become eligible for all benefits including disability and maternity leave.

15. Defendant's proffered reason for plaintiff's termination was false.

16. The aforementioned patient did not fall due to any wrongdoing on plaintiff's part, and the patient was not injured in this very minor incident.

17. CNAs (even on probation) are not normally fired for such minor incidents because falls occur frequently in hospitals. Plaintiff was personally in charge of 17 patients that evening and she was also responsible for filling out paperwork. The patient who fell, was alert and cognizant, and intentionally tried to get up from a chair without asking for assistance and slid onto her buttocks, while plaintiff was filing out a chart for another patient in another room about four doors away. Thus, the patient was solely responsible for what had occurred.

18. The true reason why plaintiff was terminated was because she was pregnant.

19. Defendant and its agents acted at all times material hereto with their authority to hire, fire and discipline.

20. Defendant and its agents undertook a course of conduct toward plaintiff and terminated plaintiff because she was a female and pregnant.

21. Defendant's agents acted against plaintiff in a

bigoted, willful and malicious manner.

22. Plaintiff was subjected to humiliation, embarrassment, and mental anguish as a consequence of the discrimination and termination that she endured.

23. Defendant unlawfully discriminated against plaintiff and terminated her employment in violation of the law. Plaintiff thus seeks damages, including but not limited to, lost pay, lost benefits, compensatory damages for pain and suffering, punitive damages, attorneys fees and costs.

COUNT 1- Pregnancy Discrimination

24. Plaintiff repeats paragraphs 1-23 as if more fully set forth herein.

25. By and through its conduct, Defendant violated Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. Section 2000e, et seq. and the Pregnancy Discrimination Act, by intentionally discriminating against plaintiff by terminating her employment in substantial part because she is a woman and was pregnant.

WHEREFORE, plaintiff demands that judgment be entered in her favor on Count 1 against defendant for lost pay, lost bonuses, lost benefits, other financial losses, liquidated damages, compensatory damages for emotional pain and suffering, punitive damages, attorneys fees, costs, interest, reinstatement of

employment and any other relief that this Honorable Court deems to be fair and proper.

/s/ Samuel A. Dion

Samuel A. Dion, Esq.
Signature Code: SAD2282
Dion & Goldberger
1845 Walnut Street
Suite 1199
Philadelphia, PA 19103
215-546-6033 (tel)
215-546-6269 (fax)
samueldion@aol.com
Attorney for Plaintiff